# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　Respondent/Plaintiff,<br>　v.<br>RAMON AVALOS,<br>　　　　　　　　Petitioner/Defendant. | CRIM CASE NO. 11cr1003WQH<br>CIVIL CASE NO. 12cv2148WQH<br>**ORDER** |

HAYES, Judge:

The matter before the court is the Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody filed by the Defendant Ramon Avalos. (ECF No. 32).

On February 10, 2011, a complaint was filed in this federal court asserting the following two charges against the Defendant: <u>Count One</u> Receipt of images of minors engaged in sexually explicit conduct in violation of 18 U.S.C. §§ 2256(2) and 2252(a)(2) and <u>Count Two</u> possession of images of minors engaged in sexually explicit conduct in violation of 18 U.S.C. §§ 2256(2) and 2252(a)(4)(B). (ECF No. 1).

On February 25, 2011, Defendant was arrested pursuant to the criminal complaint. (ECF No. 3).

On February 25, 2011, Defendant made an initial appearance on the complaint represented by his retained counsel. (ECF No. 4).

On March 22, 2011, an information was filed charging the Defendant with possession of images of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a). (ECF No. 9).

- 1 -

On April 5, 2011, Defendant entered a plea of guilty to the one-count information pursuant to a plea agreement. The plea agreement stated in part: "Defendant has consulted with counsel and is satisfied with counsel's representation." (ECF No. 18 at 16).

At the time of plea, the Magistrate Judge stated to the Defendant:

> The Court: Any – you taken any medication or substance that would affect your ability to understand what's happening today?
> Defendant: No.
> The Court: You have a clear mind?
> Defendant: Yes, sir.
> The Court: You have any questions, you ask your attorney, and we'll stop the action. Okay?
> Defendant: Yes, sir.

(ECF No. 35 at 3). The Magistrate Judge addressed counsel for the Defendant:

> The Court: And Mr. O'Connell, you went over the nature of the offense with your client thoroughly?
> Defense Counsel: I did, your Honor.
> The Court: And in your opinion, he understands the nature of the offense to which he is pleading guilty?
> Defense Counsel: He does.

*Id.* at 5. Defendant told the Magistrate Judge that he went over the plea agreement with his attorney and that he understood the plea agreement and agreed to it. The Magistrate Judge asked the Defendant "Have you gone over this plea agreement thoroughly with your attorney?: Defendant responded: "I have, sir." The Magistrate Judge: "And has he answered all your questions?" Defendant responded "Yes sir." *Id.* at 8.

The Magistrate Judge reviewed the factual basis for the plea with the Defendant and found that the Defendant was "pleading guilty with an open mind, with a clear head and that you are knowingly and voluntarily waiving your constitutional rights." *Id.* at 9.

On April 5, 2011, the Magistrate Judge made written findings that the plea of guilty was made knowingly and voluntarily and that the Defendant was competent to enter a plea. (ECF No. 19).

On April 22, 2011, this District Court Judge accepted the plea of guilty. (ECF No. 21).

On July 15, 2011, a presentence report was filed which set forth the Defendant's physical condition and mental and emotional health. No objections were filed to the presentence report.

- 2 -

At sentencing, pursuant to the plea agreement, the Government and the Defendant jointly recommended a low end sentence of 78 months. (ECF No. 26). The Court imposed a sentence of 60 months in the custody of the Bureau of Prisons. (ECF No. 30 at 2).

**CONTENTIONS OF PARTIES**

Defendant moves the Court to vacate, set aside, or correct his sentence on the grounds that he was denied effective assistance of counsel. Defendant asserts that his counsel failed to conduct reasonable investigation into his mental state, failed to present an insanity defense, and failed to obtain a psychiatrist's opinion to evaluate his competence. Defendant further asserts that his counsel "failed to object to several egregious instances of prosecution misconduct and was woefully under prepared for the pre-sentencing phase." (ECF No. 32 at 5).

Plaintiff United States contends that the Defendant has not stated a valid claim for ineffective assistance of counsel. Plaintiff United States asserts that Defendant stated at the plea colloquy and in the written plea agreement that he was satisfied with the representation of his retained counsel. Plaintiff United States contends that the Defendant had the opportunity to raise any concerns about his mental state during the probation interview and that there are no facts alleged which would support a claim that his counsel was not competent or that he suffered any prejudice. Plaintiff United States asserts that the Defendant admitted to downloading and viewing child pornography and that sentence imposed was lawful.

**ANALYSIS**

28 U.S.C. § 2255 provides:

> A prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of facts and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise

open to collateral attack, or that there has been a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set aside the judgment and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255(a) and (b).

## RULING OF THE COURT

In order to prevail on a claim of ineffective assistance of counsel, Petitioner must show that representation of counsel fell below an objective standard of reasonableness, and that any deficiencies in counsel's performance were prejudicial. *See Strickland v. Washington*, 466 U.S. 688, 690 (1984). Both deficient performance and prejudice are required before it can be said that a conviction or sentence resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable and thus in violation of the Sixth Amendment. *See United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005).

**Objective Standard of Reasonableness**

In order to show that counsel's representations fell below an objective standard of reasonableness, Defendant must identify "material, specific errors and omissions that fall outside the wide range of professionally competent assistance." *United States v. Molina*, 934 F.2d 1440, 1447 (9th Cir. 1991) (citation omitted). The inquiry is "whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Turner*, 281 F.3d at 879 (internal quotations omitted). In making this determination, the court applies a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance...." *Strickland*, 466 U.S. at 689. A deficient performance requires showing that "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. "The Sixth Amendment recognizes the right to assistance of counsel because it envisions counsel's playing a role that is critical to the ability of the adversarial system to produce just results." *Id.* at 685.

Defendant stated in the written plea agreement that he has "consulted with counsel and is satisfied with counsel's representation." (ECF No. 18 at 16). Defendant informed the Magistrate Judge that he had no questions for his counsel, that he understood the plea

agreement, and that he committed the acts that formed the factual basis for the plea. The Magistrate Judge confirmed with the Defendant that the had personally read the factual basis for the plea and the Defendant "agreed that everything in there is what he did that makes him guilty of this offense." (ECF No. 35 at 10). The Magistrate Judge found the plea was knowing and voluntary. Defendant was interviewed by probation and discussed his mental and emotional health with no claim of mental illness or insanity. There are no facts alleged by the Defendant that would support a claim that the performance of his counsel was deficient because his counsel failed to pursue an insanity defense or failed to raise issues of the Defendant's competence to proceed.

**Prejudice**

To prevail on the prejudice prong of a claim of ineffective assistance of counsel, the defendant must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 69. In this case, the Defendant retained counsel, signed a favorable plea agreement, entered a knowing and intelligent plea of guilty, and received a sentence below the joint recommendation of the parties. There are no facts presented in the petition which would support any claim of mental illness, insanity; or prejudice from counsel failing to raise issues of mental illness or insanity.

IT IS HEREBY ORDERED that Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody filed by the Defendant Ramon Avalos. (ECF No. 32) is denied.

DATED: December 26, 2012

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge